*Attorneys for Plaintiff:*

Philip L. Hirschhorn (NJ Bar # 039982009)
PANITCH SCHWARZE BELISARIO & NADEL LLP
2001 Market Street, Suite 2800
Philadelphia, PA 19103-7044
Telephone: (215) 965-1330
phirschhorn@panitchlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGF MANUFACTURING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORE & MAIN LP; BRECCO CORPORATION; BRECCO DISTRIBUTION CORP.; LANSDALE INTERNATIONAL LLC; and LANSDALE VALVE & MANUFACTURING, <br><br> Defendants. | C.A. No.  25-1275 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff AGF Manufacturing, Inc., ("Plaintiff" or "AGF"), by and through

its undersigned counsel, files this Complaint against Defendants Core & Main LP

("Core & Main"), Brecco Corporation ("Brecco Corp."), Brecco Distribution Corp.

("Brecco Distribution"), Lansdale International LLC ("Lansdale Int'l"), and

Lansdale Valve & Manufacturing ("Lansdale Valve") (collectively "Defendants"),

and alleges as follows:

## NATURE OF ACTION

1.      This is an action for patent infringement against the Defendants for infringement of U.S. Patent No. 10,391,344 ("the '344 Patent" or "the Asserted Patent") assigned to AGF and for trade dress infringement by Defendants of AGF's trade dress of the PURGENVENT Model 7900 Automatic Air Vent (AAV) ("the Model 7900 AAV"), which is an AGF product that embodies the '344 Patent, and for federal and state unfair competition.

## THE PARTIES

2.      Plaintiff AGF is a Pennsylvania corporation having a principal place of business at 100 Quaker Lane, Malvern, Pennsylvania 19355.

3.      On information and belief, Core & Main is a limited partnership organized under the laws of the State of Florida having a principal place of business at 1830 Craig Park Court, St. Louis, Missouri 63146.

4.      On information and belief, Brecco Corp. is a New Jersey corporation having a principal place of business at 1050 Broadway, Westville, New Jersey 08093.

5.      On information and belief, Brecco Distribution is an Arizona corporation having a principal place of business at 725 N. 73rd Avenue, Suite 124 Phoenix, Arizona 85043-3925.

6.     On information and belief, Lansdale Valve is a New Jersey company having a principal place of business at 1040 Broadway, Westville, New Jersey 08093.

7.     On information and belief, Lansdale Int'l is a New Jersey limited liability company having a principal place of business at 1050 Broadway, Westville, New Jersey 08093.

8.     Core & Main operates a fire protection system distribution center at 1050 Broadway, Westville, New Jersey 08093.  This distribution center offers a full line of fire sprinkler material supply.

9.     On information and belief, Brecco Corp., Brecco Distribution, Lansdale Int'l, and Lansdale Valve are subsidiary companies of Core & Main.

10.     On information and belief, Lansdale Valve imports parts for fire protection products from suppliers, primarily in China, to its place of business at 1040 Broadway, Westville, New Jersey 08093.

11.     On information and belief, Lansdale Int'l imports parts for fire protection products from suppliers, primarily in China, to its place of business at 1050 Broadway, Westville, New Jersey 08093.

12.     On information and belief, Brecco Corp. imports parts for fire protection products from suppliers, primarily in China, to its place of business at 1050 Broadway, Westville, New Jersey 08093.

13.    On information and belief, Brecco Distribution sells and distributes parts for fire protection products and fire sprinkler products throughout the United States, including into New Jersey.

## JURISDICTION AND VENUE

14.    This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 et seq., and in particular 35 U.S.C. §§ 271 and 281-285.  This action further arises under the Lanham Act, 15 U.S.C. § 1125 and Pennsylvania common law.

15.    This Court has original jurisdiction over the subject matter of Counts I, II, and III under 28 U.S.C. §§ 1331 and 1338(a).

16.    Pursuant to 28 U.S.C. § 1367 this Court has supplemental jurisdiction over Count IV because the claim arises from the same controversy and shares a common nucleus of operative fact with Counts I, II, and III.

17.    This Court has personal jurisdiction over Core & Main because, on information and belief, Core & Main has committed acts of infringement and of unfair competition in and from this Judicial District and continues to commit acts of infringement, including patent infringement and trade dress infringement, in and from this Judicial District.

18.    This Court has personal jurisdiction over Brecco Corp. because, on information and belief, Brecco Corp. has committed acts of infringement and

unfair competition in and from this Judicial District and continues to commit acts of infringement and unfair competition in and from this Judicial District.

19.    This Court has personal jurisdiction over Brecco Distribution because, on information and belief, Brecco Distribution has committed acts of infringement and unfair competition in and from this Judicial District and continues to commit acts of infringement and unfair competition in and from this Judicial District.

20.    This Court has personal jurisdiction over Lansdale Int'l because, on information and belief, Lansdale Int'l has committed acts of infringement and unfair competition in and from this Judicial District and continues to commit acts of infringement and unfair competition in and from this Judicial District.

21.    This Court has personal jurisdiction over Lansdale Valve because, on information and belief, Lansdale Valve has committed acts of infringement and unfair competition in and from this Judicial District and continues to commit acts of infringement and unfair competition in and from this Judicial District.

22.    Venue in this District is proper over the Defendants under 28 U.S.C. § 1400(b) because, on information and belief, the Defendants have committed acts of patent infringement and have established places of business in this District.

23.    Venue in this District is proper over Defendants under 28 U.S.C. § 1391(b) because, on information and belief, a substantial part of the events or

omissions giving rise to the trade dress and unfair competition claims occurred in this Judicial District.

## FACTS

### Plaintiff and Its Activities

24.    Plaintiff AGF was founded in 1986 and specializes in manufacturing quality fire sprinkler products.  AGF has a reputation for providing reliable, code compliant products that accommodate the varying demands of the fire sprinkler industry.

25.    Plaintiff AGF is the owner by assignment of the '344 Patent, issued on August 27, 2019.  George J. McHugh IV, James P. McHugh, and Bentley F. Gleeson ("the Inventors") are the named inventors of the '344 Patent, and each assigned all rights, title, and interest to the '344 Patent to AGF.

26.    A true and correct copy of the '344 Patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

27.    The '344 Patent is valid and enforceable.

28.    Plaintiff AGF possesses all rights of recovery under the '344 Patent, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

29.    AGF manufactures a product branded as the PURGENVENT Model 7900 Automatic Air Vent (AAV) ("the Model 7900 AAV").  An image of the Model 7900 AAV is set forth below:



30.    The Model 7900 AAV embodies the '344 Patent.  The data sheet for this product is attached hereto as Exhibit B.

31.    The Model 7900 AAV entered the market in 2017.

32.    The Model 7900 AAV is in accordance with NFPA (National Fire Protection Association) 13 (2016).  NFPA 13 (2016) details the industry benchmark for design and installation of automatic fire sprinkler systems.  As of 2016, NFPA 13 requires the addition of one air vent on each wet fire sprinkler system that utilizes metallic pipe to help mitigate internal pipe corrosion due to trapped air. The Model 7900 AAV is in accordance with this requirement and the other requirements of NFPA 13.

33.    The primary purchasers and users of the Model 7900 AAV are subcontractors who are acquiring the product for installation and maintenance purposes of wet pipe fire sprinkler systems.

34.    AGF's Model 7900 AAV comprises a 1" isolation ball valve, barrel strainer, air vent, and purge valve that helps prevent corrosion by automatically releasing trapped air in wet fire sprinkler systems.

35.    The Model 7900 AAV has certain distinctive and non-functional design elements which constitute protectable trade dress.

36.    The Model 7900 AAV has a unique trade dress that distinguishes the product from others on the market that perform a similar function.  The overall look and feel of the product, including the shape and size of the product, the shaping of individual parts, the coloring of the parts, and red handled valves convey a commercial expression identifiable as emanating from AGF, and AGF is regarded as a source of consistently high quality and reliable products in the minds of subcontractors, engineers, and others in the fire sprinkler industry.

37.    AGF has developed substantial goodwill in its trade dress, which is a valuable and protectable asset.

38.    AGF does not sell the Model 7900 AAV directly to the public.  AGF sells its products to distributors who then sell AGF's products to third parties, such

as subcontractors.  AGF has a network of distributors that ship products worldwide.

39.    AGF sells its products, including the Model 7900 AAV primarily to three distributors, including Core & Main.

40.    AGF provides notice to the public of patent protection covering the Model 7900 AAV, including through its website https://agfmfg.com/purgenvent/air-venting-valves/7900aav/.

41.    AGF marks the Model 7900 AAV with U.S. Patent No. 10,391,344, including virtually at https://content.agfmfg.com/assets/Uploads/TechDataSheet-7900AAV.pdf?clientId=1843330045.1724418184.  Accordingly, AGF's distributors have constructive knowledge and, upon information and belief, actual knowledge that the Model 7900 AAV is a patent protected product.

## Defendants' Infringing Conduct

42.    Upon information and belief, the Defendants are importing, marketing, and manufacturing, and offering for sale and selling the Automatic Air Vent w/ Adjustable Purge Valve Model LVAV-2 ("the LVAV-2" or "the Accused Product").  The cutsheet for the LVAV-2 is attached hereto as Exhibit C.  The cutsheet explains that the Automatic Air Vent w/Adjustable Purge Valve Model LVAV-2 is a device consisting of a 1" ball valve, an air vent, strainer, and adjustable purge valve.

43.    Inserted below is an image of the LVAV-2:



44.    Upon information and belief, Defendants have been and are currently making, causing to be made, using, manufacturing, selling, and offering for sale the LVAV-2 which is covered by one or more of the claims of AGF's '344 Patent.

45.    Defendants are offering for sale to the public the LVAV-2 at least on Brecco's website, https://www.breccocorp.com/products/product/air-vent-w-adjustable-purge-valve, Lansdale Valve's website, http://lansdalevalve.com/products/product/air-vent-w-adjustable-purge-valve, and by direct sales to customers, which constitutes interstate commerce.

46.    Upon information and belief, Defendants did not provide the LVAV-2 to customers until January 2025, despite the LVAV-2 being displayed on Brecco and Lansdale Valve's websites since at least July 2024.

47.    Upon information and belief, until January 2025, AGF's existing customers and potential customers were unable to possess or use the LVAV-2.

48.    Plaintiff AGF recently obtained samples of the LVAV-2 purchased in the ordinary course of business, and the samples (a photograph of one such sample is shown in paragraph 43) embody all elements of claims of the '344 patent.

49.    The Defendants are intentionally infringing the '344 Patent.  Prior to any known sale of the LVAV-2, Plaintiff provided actual notice that the LVAV-2 appeared to infringe based on the pre-sale cut-sheet made available by Core & Main on its websites.

50.    Core & Main also has constructive notice.  Core & Main is a buyer and distributor of the Model 7900 AAV—an AGF product that embodies the '344 Patent and is marked as protected under the '344 Patent.  Specifically, the handle of the Model 7900 AAV is marked with the patent number and the product information sheet lists the patent number.  By virtue of its unique position as a distributor of AGF's products, including the Model 7900 AAV, Core & Main has constructive notice that the Model 7900 AAV is a patent protected product.

51.    As a buyer and distributor of the Model 7900 AAV, Core & Main is aware of this product's success in the fire sprinkler industry and the goodwill connected to the product, and Core & Main had access to the Model 7900 AAV.

52.    Defendants' LVAV-2 infringes AGF's trade dress by copying the protectable design elements of the Model 7900 AAV.  Defendants copying of the Model 7900 AAV design elements is causing or is likely to cause confusion,

mistake, or deception to actual and potential purchasers. Purchasers, potential

purchasers, and users of the Model 7900 AAV are likely to confuse the accused

product with the Model 7900 AAV. Therefore, the accused product is causing

irreparable harm to AGF's reputation and goodwill.

53.    Below is a photographic comparison of the Model 7900 AAV and the

LVAV-2:

| Model 7900 (AAV) | Lansdale LVAV-2 |
|---|---|



54.    A visual comparison of the above images demonstrates that

Defendants have copied the look and feel of the AGF trade dress.

55.    Defendants were and are, at all relevant times, aware of Plaintiff's

prior use and ownership of the trade dress for the Model 7900 AAV.

56.    AGF's trade dress is protectable.  Defendants' infringement of AGF's protectable trade dress is willful and deliberate.

57.    The other fire sprinkler air vent products on the market use a Spirotop air vent.  The Spirotop air vent has a reputation of leaking among the fire sprinkler industry.

58.    The Model 7900 AAV does not use the Spirotop air vent and has a reputation of not leaking.

59.    The Lansdale Valve's Air Vent Model LVAV ("the LVAV") uses a copy of the Spirotop air vent.  The LVAV is offered for sale on Lansdale Valve's website, http://lansdalevalve.com/ and Brecco's website, https://breccocorp.com/.  On information and belief, the LVAV-2 appears to also incorporate a copy of the Spirotop air vent per the images of the LVAV-2 on the Brecco and Lansdale Valve's websites.  The Spirotop air vent that has a reputation of leaking, which appears to be being incorporated into the LVAV-2, will cause irreparable harm to AGF's reputation of providing high quality and reliable products because the LVAV-2 design is confusingly similar to the Model 7900 AAV trade dress and infringes the '344 Patent.

60.    The LVAV-2 is the second air vent product that Core & Main will be offering for sale because Core & Main currently offers for sale the LVAV.  Therefore, on information and belief, by making the LVAV-2 confusingly similar to

the Model 7900 AAV trade dress, Core & Main is manufacturing, selling, and offering for sale a second air vent product, the LVAV-2, for the purpose of trading on the goodwill associated with AGF's Model 7900 AAV.

**Correspondence Between Plaintiff and Defendants**

61. On July 3, 2024, AGF's legal counsel sent a letter to Brad Cowles, the President of Core & Main. The letter was also addressed to Brecco Corporation, Brecco Distribution Group, Lansdale Valve Manufacturing, and Lansdale International.

62. In the July 3, 2024 letter, AGF's counsel requested Core & Main to explain why Core & Main and its subsidiary companies do not believe that the LVAV-2 infringes the '344 Patent. AGF provided a copy of the '344 Patent and a copy of the cutsheet for the LVAV-2 as attachments to the letter. AGF's counsel also presented the possibility of discussing a license for the '344 Patent.

63. Core & Main did not respond to the July 3, 2024 letter.

64. On July 16, 2024, AGF's legal counsel sent a follow up letter and addressed the letter to the following members of Core & Main: Brad Cowles (President), Lawson Brown (Vice President), Derek Allen (regional director), and Bradley Moss (regional director). AGF's counsel reiterated the content of the July 3, 2024, letter, again provided a copy of the '344 Patent, and, in addition, proposed a scheduled call to discuss the matter.

65.     Rather than provide a substantive response to AGF's letters, Core & Main elected to deflect the infringement assertion.

66.     On July 29, 2024, legal counsel for Core & Main sent a letter to AGF in response to AGF's July 3 and 16 letters.  Core & Main's legal counsel noted that AGF's counsel indicated in its prior letters that AGF has not concluded a complete infringement analysis between the LVAV-2 and the Model 7900 AAV and asserted that no issue needed to be addressed if AGF did not allege infringement.

## <u>COUNT I - INFRINGEMENT OF THE '344 PATENT</u>

67.     Plaintiff realleges and incorporates by reference paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.     The claims of the '344 Patent are presumed valid pursuant to 35 U.S.C. § 282.

69.     Upon information and belief, Defendants have been and are currently infringing at least Claim 1 of the '344 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, importing, selling, offering for sale, or using without authority, at least the Accused Product, which comprises a cylindrical member through which fluid flows, a first valve at the inlet, a strainer, an angled port, an air release valve connected to the angled port, and a second valve directly connected to the outlet of the cylindrical member, and where all of these features are housed in one body.

70.    Upon information and belief, Defendants have been and are currently willfully infringing at least Claim 1 of the '344 Patent by making, causing to be made, importing, selling, offering for sale, or using the Accused Product.

71.    On information and belief, Defendants acted and are continuing to act with actual and constructive knowledge of the '344 Patent and willfully infringing the '344 Patent.  Defendants have actual knowledge of the '344 patent from correspondence with AGF's counsel and because Core & Main is a distributor of the Model 7900 AAV, AGF marks this product as patent protected under U.S. Patent No. 10,391,344, and AGF marks the Model 7900 AAV as a patent protected product on AGF's website.  Specifically, the handle of the Model 7900 AAV is marked with the patent number.  Following the issuance of the '344 Patent, the product information sheet lists the patent number.

72.    As a result of Defendants' willful infringement of the '344 Patent, Plaintiff AGF has been damaged to an extent not yet determined.

73.    Plaintiff AGF is entitled to monetary damages adequate to compensate it for infringement by Defendants of the '344 Patent, together with trebling of damages, interest, costs, and attorneys' fees.

74.    Plaintiff has been and will continue to be irreparably injured by Defendants' conduct.  Plaintiff has no adequate remedy at law.  Plaintiff is entitled

to injunctive relief prohibiting the Defendants from further infringing Plaintiff's

'344 patent.

## <u>COUNT II - TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125)</u>

75.    Plaintiff realleges and incorporates by reference paragraphs 1 through

74 of this Complaint as if fully set forth herein.

76.    Purchasers of fire sprinkler systems and products used in such

systems, such as contractors and engineers in the fire sprinkler industry, and

distributors of fire sprinkler products have come to associate the trade dress of the

Model 7900 AAV with AGF.

77.    The Model 7900 AAV has a distinctive design.  The distinctive design

consists of the following features: the unique configuration of the component parts,

the overall look and feel of the product, including the shape and size of the

product, the shaping of individual parts, the coloring of the parts, and red handled

valves.  Due to these features the Model 7900 AAV has a trade dress that is well

recognized in the minds of contractors and engineers in the fire sprinkler industry,

distributors of fire sprinkler products, and others in the fire sprinkler industry.

78.    Defendants designed the LVAV-2 to look and feel the same as the

Model 7900 AAV.  Defendants are using the Model 7900 AAV trade dress for the

LVAV-2 by manufacturing, importing, selling, offering to sell, and marketing the

LVAV-2 to have in appearance the same or substantially similar design features as

the Model 7900 AAV listed above.  Paragraph 53 of this Complaint displays a side-by-side comparison of the Model 7900 AAV and LVAV-2.  The overall look and appearance replicated and copied by the Defendants is not necessary to the functioning of the LVAV-2.

79.    The Defendants' unauthorized use of the distinctive trade dress of the Model 7900 AAV, in connection with the LVAV-2, is likely to cause confusion, mistake, or deception among purchasers and potential purchasers as to the source of the LVAV-2.

80.    The Defendants' decision to design the LVAV-2 with the same look and feel as the Model 7900 AAV trades on the goodwill associated with AGF's product.

81.    Plaintiff has no adequate remedy at law.  The conduct described herein has caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff, particularly to its reputation and goodwill.

82.    By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, restraining them from any further acts of trade dress infringement, and to recover any damages proven to have been caused by Defendants' acts of trade dress infringement, and to recover enhanced damages based upon the willful or intentional activities of Defendants.

## <u>COUNT III – UNFAIR COMPETITION (15 U.S.C. § 1125)</u>

83.    Plaintiff realleges and incorporates by reference paragraphs 1 through 82 of this Complaint as if fully set forth herein.

84.    The Model 7900 AAV entered the market in 2017, and Defendants did not market or advertise the LVAV-2 until 2024.  Plaintiff's date of first use of its trade dress proceeds Defendants' date of first use.

85.    The overall look and feel of the product, including the overall shape and size of the product, the shaping of individual parts, the coloring of the parts, and red handled valves convey a commercial expression identifiable as emanating from AGF.  These distinctive features constitute AGF's trade dress and are non-functional.

86.    The Model 7900 AAV has a trade dress that is well recognized in the minds of contractors and engineers in the fire sprinkler industry, distributors of fire sprinkler products, and others in the fire sprinkler industry.

87.    Defendants' design of the LVAV-2 to look and feel the same as the Model 7900 AAV is likely to cause confusion, mistake, or deception among purchases and potential purchases as to the source of the LVAV-2.

88.    Defendants' unauthorized use of the distinctive trade dress of the Model 7900 AAV misrepresents the nature, characteristics, qualities and origin of the LVAV-2

89.     Defendants' unauthorized use of the distinctive trade dress of the Model 7900 AAV unfairly competes with Plaintiff by falsely representing that Plaintiff authorizes, endorses, sponsors, or otherwise approves of the LVAV-2, when Plaintiff does not.  Designing the LVAV-2 with the same look and feel as the Model 7900 AAV trades on the goodwill and reputation associated with AGF.

90.     Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief prohibiting the Defendants from continuing to unfairly compete with Plaintiff. The conduct described herein has caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff, particularly its goodwill and reputation.

## <u>COUNT IV – UNFAIR COMPETITION</u>

91.     Plaintiff realleges and incorporates by reference paragraphs 1 through 90 of this Complaint as if fully set forth herein.

92.     As set forth above, Defendants have employed unfair and deceptive trade practices and methods of competition intended to interfere with Plaintiff's ability to fairly compete with Defendants.

93.     Defendants' infringement of AGF's trade dress wrongly suggests that the LVAV-2 is affiliated, connected, or associated with AGF or that AGF has sponsored endorsed or approved the LVAV-2.

94.    Defendants compete directly with Plaintiff.  Infringing Plaintiff's trade dress gives Defendants a competitive advantage.  Designing the LVAV-2 with the same look and feel as the Model 7900 AAV trades on the goodwill and reputation associated with AGF.

95.    As a direct and proximate result of Defendants' unfair competition, Plaintiff suffered harm and actual damages in an amount to be determined at trial.

96.    Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief prohibiting the Defendants from continuing to unfairly compete with Plaintiff.  The conduct described herein has caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff, particularly its goodwill and reputation.

## JURY DEMAND

97.    Plaintiff hereby demands a jury trial on all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff AGF prays for judgment in its favor against Defendants Core & Main LP, Brecco Corporation, Brecco Distribution Corp., Lansdale International LLC, and Lansdale Valve & Manufacturing for the following:

(a)    A judgment that Defendants are jointly and severally liable for infringement of the '344 Patent;

(b)    A decree that Defendants' infringement of the '344 Patent was willful and deliberate;

(c)    An award to Plaintiff AGF and against Defendants, jointly and severally, of damages that are adequate to fully compensate it for Defendants' infringement of the '344 Patent, together with prejudgment interest and costs, including enhanced damages for any willful infringement under 35 U.S.C. § 284;

(d)    A permanent injunction enjoining Defendants and those in active concert or participation with Defendants from infringing the '344 Patent during the term of the patent;

(e)    A permanent injunction enjoining Defendants and those in active concert or participation with Defendants from manufacturing, selling, distributing, advertising, promoting, offering for sale, or authorizing any third party to manufacture, sell, distribute, advertise, promote or offer for sale the Automatic Air

Vent w/ Adjustable Purge Valve Model LVAV-2 bearing Plaintiff AGF's trade dress, any derivative thereof, or any confusingly similar design;

(f)    A permanent injunction enjoining Defendants and those in active concert or participation with Defendants from representing or suggesting to any third party that Defendants or its products, including but not limited to the Automatic Air Vent w/ Adjustable Purge Valve Model LVAV-2, are affiliated with, sponsored by, licensed by, or otherwise associated with Plaintiff.

(g)    An order that Defendants deliver up for destruction all infringing products in their possession or control and all means of making the same in accordance with 15 U.S.C. § 1118;

(h)    An award of Defendants' profits, Plaintiff AGF's actual damages, and the costs of this action in accordance with 15 U.S.C. § 1117;

(i)    An award of enhanced damages of three times Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117;

(j)    A finding that this case is exceptional and award Plaintiff AGF reasonable attorneys' fees in this action; and

(k)    An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: <u>February 14, 2025</u>

*/s/ Philip L. Hirschhorn*
Philip L. Hirschhorn (NJ Bar # 039982009)
John D. Simmons (to be admitted *pro hac vice*)
Ava E. Lutz (to be admitted *pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 965-1268
Facsimile: (215) 965-1331
phirschhorn@panitchlaw.com
jsimmons@panitchlaw.com
alutz@panitchlaw.com

*Attorneys for Plaintiff*
*AGF Manufacturing, Inc.*